UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:16-00157

**TRAVIS LEE HUDNALL**

## SUPERVISED RELEASE JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On March 16, 2022, the United States of America appeared by Ryan A. Keefe, Assistant United States Attorney, and the defendant, Travis Lee Hudnall, appeared in person and by his counsel, Louie Thompson Price, Esq., for a hearing on the petition and amended petition seeking revocation of supervised release submitted by United States Probation Officer Justin L. Gibson.  The defendant commenced a thirty-six month term of supervised release in this action on August 31, 2020, as more fully set forth in the Judgment in a Criminal Case Order entered by the court on November 22, 2016.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court

finds by a preponderance of the evidence that the defendant has violated the terms of his supervised release in the following respect:  (1) on June 16, 2021, the defendant was instructed to participate in random urinalysis at a rate of two urine drug screens per month, but the defendant consistently failed to report for drug screens on June 21, July 1, July 13, August 9, August 18, September 15, September 22 and October 5, 2021; (2) on June 16, 2021, the defendant was instructed to participate in individual substance abuse counseling at the rate of one 1-hour session per month and the defendant failed to participate in any counseling sessions; (3) on August 2, 2021, the defendant was instructed by the probation officer to cease all contact with Donna Holbrook, and on August 4, 2021, Donna Holbrook sought a domestic violence petition on the defendant at which time a domestic violence emergency protective order was entered in the Magistrate Court of Kanawha County, West Virginia, that does not expire until May 7, 2022, and on August 12, 2021, the defendant placed approximately 20 telephone calls to Donna Holbrook in violation of the protective order, and on September 2, 2021, the defendant admitted to his probation officer that he continued his contact with Ms. Holbrook, via telephone, on August 12, 2021; (4) on or about September 9, 2021, Gloria Hassie, sought a domestic violence petition on the defendant; and on that same

2

date, a domestic violence emergency protective order was entered in the Magistrate Court of Kanawha County, West Virginia, and on September 29, 2021, the defendant admitted to the probation officer that he had contact with Gloria Hassie on or about that same date in violation of the protective order; (5) on September 23, 2021 and September 30, 2021, the defendant failed to report to the probation office as instructed; (6) on October 12, 2021, the defendant admitted to the probation officer that he had used methamphetamine on October 11, 2021; (7) after August 12, 2021, and until on or about October 14, 2021, the defendant left approximately 53 voice mails with Donna Holbrook, in violation of the protective order; and, (8) from on or about October 29, 2021, through until February 16, 2022, the defendant attempted to contact Donna Holbrook 39 times by telephone and twice by letters through the mail in violation of the protective order; all as admitted by the defendant on the record of the hearing and all as set forth in the petition and amendment to petition on supervised release.

After hearing counsel for the parties, the court declines to revoke the defendant's supervised release, and it is ORDERED that the defendant continue on his previously imposed supervised release with all the same terms and conditions

3

heretofore along with the following additional condition suggested and requested by the defendant: that the defendant participate in and successfully complete the nine-to-twelve month Recovery Point residential drug treatment program, including compliance with all of the program's rules and regulations.

It is further ORDERED that the defendant be released from custody at 10:00 a.m. on March 18, 2022. As a further condition of supervised release, the defendant is to proceed directly to the Recovery Point program, it being understood that Gloria Hassie is to transport the defendant from his place of custody to Recovery Point in Parkersburg, West Virginia, on March 18, 2022.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: March 17, 2022

John T. Copenhaver, Jr.
Senior United States District Judge