```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:16-00157

**TRAVIS LEE HUDNALL**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On November 22, 2022, the United States of America appeared by Ryan A. Keefe, Assistant United States Attorney, and the defendant, Travis Lee Hudnall, appeared in person and by his counsel, L. Thompson Price, Esq., for a hearing on the petition and amendment to petition seeking revocation of supervised release, submitted by Senior United States Probation Officer Justin L. Gibson. The defendant commenced a thirty-six (36) month term of supervised release in this action on August 31, 2020, as more fully set forth in the Judgment in a Criminal Case Order entered by the court on November 22, 2016, and the Supervised Release Judgment Order entered on March 17, 2022.

The court heard the admissions and objections of the defendant, and the representations and arguments of counsel.

Pursuant to the court's findings of fact and conclusions of law as enumerated in open court on the record of this proceeding, which are ORDERED incorporated herein by reference, the court finds by a preponderance of the evidence that the defendant has violated the conditions of his supervised release as follows: (1) on August 21, 2022, the defendant provided a urine specimen which tested positive for oxycodone, and on September 6, 2022, the defendant verbally admitted his use of the substance on or about August 21, 2022; (2) on September 6, 2022, the defendant submitted a urine specimen which tested positive for methamphetamine, (3) on November 1, 2022, the defendant submitted a urine specimen that tested positive for methamphetamine; (4) on September 6, 2022, the defendant was instructed to participate in four random urine screens per month and the defendant failed to report for scheduled urine screens on September 8, 2022 and all subsequent urine screens thereafter; (5) on September 6, 2022, the defendant was instructed to participate in two hours of individual substance abuse counseling each month and he failed to attend any subsequent counseling sessions thereafter; (6) as a condition of supervised release, the defendant was directed to successfully complete a 9 to 12 month Recovery Point residential

treatment program which he entered on March 22, 2022, and on August 26, 2022, he was deemed a program failure and terminated from the program due to his use of oxycodone; all as set forth in the petition and amended petition on supervised release, and all as admitted by the defendant, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations found as set forth above warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TEN (10) MONTHS imprisonment, to be followed by TWENTY SIX (26) MONTHS of supervised release, upon the same terms and

conditions as heretofore except that the defendant does not have to participate in a 9-12 month residential recovery program, but shall submit to random urinalysis or any drug screening method and drug abuse counseling and treatment whenever the same is deemed appropriate by the probation officer.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: November 29, 2022

_____
John T. Copenhaver, Jr.
Senior United States District Judge